## ALLEN v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1924.)

No. 4054.

Carriers ⟨⚮307(4, 6)⟩—Contract between railroad and employé of manufacturer of engine appliance held to release railroad from liability for negligence; agreement to observe employés' rules held not to affect validity of release.

Contract executed by person employed to inspect engine appliance·on locomotives for manufacturer, which released railroad from all damages arising from his presence on locomotive, *held* to release railroad from liability for negligence, since, whatever his status, there would be no liability, except for negligence, and his agreement to observe railroad employés' rules did not affect validity of release.

In Error to the District Court of the United States, for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Goldie I. Allen, administratrix, against the Erie Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Luther Day, of Cleveland, Ohio (Day & Day and R. H. Dawson, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Edward A. Foote, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Allen was killed by the explosion of the boiler of the locomotive in which he was riding. He was in the general employment of a company which manufactured an appliance which had been installed on this engine, and, for his employer's benefit, he was observing, inspecting, and perhaps adjusting this appliance. He had executed the release contract shown in

the margin.[1] The claim of his administratrix (plaintiff in this suit) is that the signed contract is not a release from negligence, but is merely an acceptance of the status of a railroad employé. The trial court held otherwise, and directed a verdict for defendant.

It may be—we express no opinion—that there is here an acceptance of the employé status which would have some effect under some conditions, and that the language of assumption of risk would cover only those risks which do not come from negligence; but the words of release, from any and all damage or claim resulting in connection with, or arising from, Allen's presence on the engine pursuant to the contract, are as broad as could be made. Since, whatever his status, there would be no liability to him except for negligence, the repeated language of release could not be operative unless it included negligence; and hence, if for no other reason, it must be thus inclusively interpreted.

If the question were otherwise open, the majority of the court thinks that it is the necessary result of Robinson v. B. & O. R. R. Co., 237 U. S. 84–90, 35 S. Ct. 491, 59 L. Ed. 849, that the agreement to observe

---

[1] Release.

Know all men by these presents that I, G. F. Allen, of the Chicago Lubricator Company, desire said Erie Railroad Company to permit me to ride on its engine, and permission to do so has been granted on the following conditions:

First—That I will use the transportation and permission to ride said engines and trains in connection with the business of the Erie Railroad only, and not for personal affairs or for the making of pleasure trips.

Second—That in using such transportation I will conform as closely as possible to the rules and regulations of the Erie Railroad Company promulgated for its employés in engine and train service.

In consideration of the permission of the Erie Railroad Company to ride said engines and trains, I hereby release said company and all companies leased, operated, controlled by, or allied with it, and each of them, together with their, or each of their, successors and assigns, from any and all damages which may result in me in connection with riding said engines and trains or the use of said permisson and transportation, which have been given by said Erie Railroad Company solely in consideration of the execution of this release by me, and I hereby assume each and every risk and damage incident to such permission.

I further certify that I am familiar with railroad operation and understand fully the dangers and hazards and risk incident to riding on all trains, including freight trains, and also on engines, and I hereby assume the risk of same and release said company and each of them from all claims arising in any manner from such riding of trains or engines.

In witness whereof I have hereunto set my hand this 15th day of June, 1923.

[Signed] G. F. Allen.

---

the railroad employés' rules does not affect the validity of the release contract, as Robinson's release to the Pullman Company contained a similar clause; and that upon the main question involved the District Court was right. Railroad v. Voigt, 176 U. S. 498, 20 S. Ct. 385, 44 L. Ed. 560; Robinson v. Railroad, supra; Santa Fé R. R. v. Grant, 228 U. S. 177, 33 S. Ct. 474, 57 L. Ed. 787; McCree v. Davis (C. C. A. 6) 280 F. 959.

The other allegations of error we have examined, but find nothing which we think well taken.

The judgment is affirmed.